**2013-1629**

In The

# United States Court Of Appeals
## For The Federal Circuit

## LITTELFUSE, INC.,

*Plaintiff-Appellant,*

v.

## PACIFIC ENGINEERING CORP. and
## PEC OF AMERICA CORP.,

*Defendants-Appellees.*

Appeal from the United States District Court for the Eastern District of
Michigan in case no. 12-CV-14957, Senior Judge Bernard A. Friedman.

_____

### BRIEF OF APPELLANT

_____

**Daniel N. Daisak**
**Jason D. Harrier**
**KACVINSKY DAISAK PLLC**
**3120 Princeton Pike**
**Suite 303**
**Lawrenceville, NJ 08648**
**(724) 933-9338**

*Counsel for Appellant*

### CERTIFICATE OF INTEREST

Counsel for Appellees Littelfuse, Inc. certify the following:

1.      The full name of every party or amicus represented by us is:

**Littelfuse, Inc.**

2.      The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by us is:

**Not applicable.**

3.      All parent corporations and any publicly held companies that own 10% or more of the stock of the party or amicus curiae represented by us are:

**Not applicable**

4.      The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

**KACVINSKY DAISAK PLLC**

**Daniel N. Daisak,**

Date: September 30, 2013                    Respectfully submitted,

                                                        */s/ Daniel N. Daisak*
                                                        Daniel N. Daisak
                                                        KACVINSKY DAISAK PLLC
                                                        3120 Princeton Pike
                                                        Suite 303
                                                        Lawrenceville, NJ 08648

# TABLE OF CONTENTS

PAGE:

CERTIFICATE OF INTEREST ...................................................................... i

TABLE OF CONTENTS ........................................................................... ii

TABLE OF AUTHORITIES .......................................................................iv

STATEMENT OF RELATED CASES ......................................................... viii

JURISDICTIONAL STATEMENT ...............................................................1

STATEMENT OF THE ISSUES...................................................................1

STATEMENT OF THE CASE .....................................................................2

STATEMENT OF THE FACTS ...................................................................3

SUMMARY OF THE ARGUMENT .............................................................6

    I.    The District Court's Sua Sponte Dismissal Of Littelfuse's Direct Infringement Claims Was Improper And Should Be Reversed .................................................................6

    II.    Littelfuse's Complaint Complies With The Pleading Requirements For Direct Infringement Set Forth By Form 18.............6

    III.    Littelfuse's Claim Of Direct Infringement In The Complaint Complies With The Supreme Court's Plausibility Pleading Standard .................................................................7

    IV.    Littelfuse's Claims Of Indirect Infringement Were Improperly Dismissed ................................................................7

    V.    The District Court Improperly Denied Littelfuse's Request For Leave To Amend The Complaint As Futile, When Notice Of Infringement Occurred Prior To Filing The Complaint.......................7

ARGUMENT ......................................................................................8

I.     Introduction ..........................................................................................8

II.    Standard of Review .............................................................................9

III.   The District Court's Sua Sponte Dismissal Of Littelfuse's Direct Infringement Claims Was Improper And Should Be Reversed ............................................................................................11

IV.   Littelfuse's Complaint Complies With The Pleading Requirements For Direct Infringement Set Forth By Form 18...........13

     A.    The Complaint Itself Is Notice....................................................14

     B.    The Complaint Included A Statement Of Notice .....................17

V.    Littelfuse's Complaint Complies With The Supreme Court's Plausibility Pleading Standard ...........................................................20

VI.   Littelfuse's Claims Of Indirect Infringement Were Improperly Dismissed ...........................................................................................22

VII.  The District Court Improperly Denied Littelfuse's Request For Leave To Amend The Complaint As Futile, When Notice Of Infringement Occurred Prior To Filing The Complaint......................26

CONCLUSION AND STATEMENT OF RELIEF SOUGHT ............................................27

ADDENDUM

CERTIFICATE OF FILING AND SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

PAGE(S):

## CASES:

*Albrecht v. Treon,*
617 F.3d 890 (6th Cir. 2010) .......................................................................... 10

*Amini v. Oberlin Coll.,*
259 F.3d 493 (6th Cir. 2001) ........................................................................ 10

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ....................................................................... 20, 21, 23, 24

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ....................................................................... 20, 21, 22, 23

*Blair v. Westinghouse Electric Corp.,*
291 F. Supp. 664 (D.D.C. 1968) .................................................................. 19

*C&F Packing Co. v. IBP, Inc.,*
224 F.3d 1296 (Fed. Cir. 2000) ..................................................................... 9

*Catz v. Chalker,*
142 F.3d 279 (6th Cir. 1998) ........................................................................ 12

*Cronos Technologies, LLC v. Camping World Inc.,*
2013 WL 3936899 (W.D. Ky. 2013) ............................................................. 16

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.,*
424 F.3d 1293 (Fed. Cir. 2005) .................................................................... 24

*Foman v. Davis,*
371 U.S. 178 (1962) ...................................................................................... 27

*Freedman v. Friedman,*
242 F.2d 364 (4th Cir. 1957) ....................................................................... 19

*Greenberg v. Life Ins. Co. of Va.,*
177 F.3d 507 (6th Cir. 1999) ....................................................................... 27

*iLOR, LLC v. Google, Inc.*,
    550 F.3d 1067 (Fed. Cir. 2008) ............................................................12, 13

*In re Bill of Lading Transmission and Sys. Patent Litigation*,
    681 F.3d 1323 (Fed. Cir. 2012) ...........................................................*passim*

*In re Travel Agent Comm'n Antitrust Litig.*,
    583 F.3d 896 (6th Cir. 2009) ......................................................................10

*Kalman v. Berlyn Corp.*,
    914 F.2d 1473 (Fed. Cir. 1990) ..................................................................10

*K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*,
    714 F.3d 1277 (Fed. Cir. 2013) ..................................................................14

*Magna Mirrors of America, Inc. v. 3M Company*,
    2013 WL 625721 (E.D. Mich. 2013) .....................................................16, 20

*Marks v. Shell Oil Co.*,
    830 F.2d 68 (6th Cir. 1987) ........................................................................27

*Martin v. Associated Truck Lines, Inc.*,
    801 F.2d 246 (6th Cir. 1986) ......................................................................11

*McZeal v. Sprint Nextel Corp.*,
    501 F.3d 1354 (Fed. Cir. 2007) ....................................................................9

*Net MoneyIN, Inc. v. VeriSign, Inc.*,
    545 F.3d 1359 (Fed. Cir. 2008) ..................................................................10

*Panini S.P.A. et al. v. Burroughs, Inc.*,
    2013 WL 3909684 (S.D. Ohio 2013) ..........................................................16

*Parry v. Mohawk Motors of Mich., Inc.*,
    236 F.3d 299 (6th Cir. 2000), *cert. denied*, 533 U.S. 951 (2001) .................11

*Sharafabadi v. Univ. of Idaho*,
    C09–1043, 2009 WL 4432367 (W.D. Wash. Nov. 27, 2009).......................22

*Superior Industries, LLC v. Thor Global Enterprises LTD*,
    700 F.3d 1287 (Fed. Cir. 2013) ..................................................................15

*Tahir Erk v. Glenn L. Martin Co.*,
116 F.2d 865 (4th Cir. 1941) ........................................................26

*Tech. Licensing Corp. v. Technicolor USA, Inc.*,
03–cv–1329, 2010 WL 4070208 (E.D. Cal. Oct. 18, 2010).........................22

*Tingler v. Marshall*,
716 F.2d 1109 (6th Cir. 1983) .............................................12, 13

*Trading Technologies Int'l, Inc. v. BCG Partners, Inc.*,
2011 WL 3946581 (N.D. Ill. Sept. 2, 2011).................................18

*W.L. Gore & Assocs. v. Medtronic, Inc.*,
778 F. Supp. 2d 667 (E.D. Va. 2011) ...........................................19

*Wade v. Knoxville Utilities Bd.*,
259 F.3d 452 (6th Cir. 2001) .................................................. 10-11

*Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc.*,
648 F.3d 452 (6th Cir. 2011) ........................................................10

## STATUTES:

28 U.S.C. § 1295(a)(1)................................................................1

28 U.S.C. § 1331 ........................................................................1

28 U.S.C. § 1338(a) ...................................................................1

35 U.S.C. § 271(a) ...............................................................19, 24

35 U.S.C. § 287(a) ...................................................................15

## RULES:

FED. R. CIV. P. 12(b)(6).......................................................*passim*

FED. R. CIV. P. 15(a)................................................................26

FED. R. CIV. P. 41(a)(1)(A)(i) ..................................................5

Fed. R. Civ. P. Form 18 ...................................................................*passim*

Fed. R. Evid. 408 ............................................................................17, 18

## STATEMENT OF RELATED CASES

There are no pending related cases.

## JURISDICTIONAL STATEMENT

The District Court had subject matter jurisdiction over the civil action below under 28 U.S.C. §§ 1331 and 1338(a) (2011). The District Court entered final judgment on June 21, 2013. Littelfuse filed a timely notice of appeal on September 6, 2013, and this Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1295(a)(1) (2011).

## STATEMENT OF THE ISSUES

1.    Whether the District Court's sua sponte dismissal with prejudice of Plaintiff's Complaint for patent infringement pursuant to FED. R. CIV. P. 12(b)(6), without providing the parties notice of the Court's intent to dismiss the Complaint or providing the parties an opportunity to address the issues, should be reversed?

2.    The District Court dismissed Littelfuse's direct infringement claims solely because the Complaint allegedly failed to comply with the notice required by Form 18 of the Federal Rules of Civil Procedure Appendix. Should the District Court's finding that the filing of a complaint cannot satisfy the notice requirement of Form 18 be reversed?

3.    The District Court dismissed Littelfuse's direct infringement claims solely because the Complaint allegedly failed to comply with the notice required by Form 18 of the Federal Rules of Civil Procedure Appendix. Should the District Court's finding be reversed that averments in the Complaint related to settlement

discussions be excluded, when such averments are used to meet the notice requirement of Form 18 and are not being used to prove a required element of direct infringement?

4.     The District Court dismissed Littelfuse's direct infringement claims solely because the Complaint allegedly failed to comply with the notice required by Form 18 of the Federal Rules of Civil Procedure Appendix.  Should the District Court's dismissal of the Complaint under a Form 18 analysis be reversed when the claims of direct infringement in the Complaint meet the Supreme Court's plausibility standard?

5.     Should the District Court's dismissal of Littelfuse's indirect infringement claims be reversed when the analysis was based solely on Form 18?

6.     Should the District Court's refusal to grant Littelfuse leave to amend the Complaint be upheld when it was based solely on an unsupported contention that any amendment would be futile and Littelfuse demonstrated that, in fact, it had given PEC notice of its infringement prior to filing the Complaint?

## STATEMENT OF THE CASE

Littelfuse filed a complaint for patent infringement against PEC of America Corp. and Pacific Engineering Corp. (collectively, "PEC") on November 7, 2012 identified as Civil Case No.: 12-cv-14957-TGB-RSW ("the Complaint").   In response, PEC filed a motion to dismiss and/or to transfer venue ("the Motion")

2

and supporting brief on April 12, 2013.  Littelfuse filed a brief opposing the Motion on May 8, 2013, and PEC responded with a reply in support of the Motion on May 22, 2013.  The District Court issued an opinion and order ("the Order") on June 21, 2013, in which it dismissed all of Littelfuse's direct infringement claims and indirect infringement claims against PEC for failure to state a claim upon which relief may be been granted.  Littelfuse filed a motion for reconsideration of the Order and motion for leave to amend on July 5, 2013.  The District Court issued an opinion and order ("the Reconsideration Order") on August 7, 2013, denying both the motion for reconsideration and the motion for leave to amend.  Littelfuse filed an appeal to this Court.

## STATEMENT OF THE FACTS

Littelfuse commenced this action by filing the Complaint for patent infringement against PEC on November 7, 2012.  The Complaint sets forth four causes of action for patent infringement under the theories of direct, contributory, induced, and willful infringement for four United States Patents that Littelfuse owns (A20-31).

Prior to filing the Complaint, on March 29, 2012, Littelfuse filed a complaint for patent infringement against PEC in the same District Court (Civil Case No.: 12-cv-11430-BAF-DRG) setting forth causes of action for patent infringement regarding the same four Littelfuse patents ("the First Complaint").  Even before

filing the First Complaint, however, Littelfuse and PEC had discussed the claims at issue in the Complaint (A376-377). Indeed, on the very same day that Littelfuse filed the First Complaint, Dieter Roeder, the Vice President and General Manager of the Automotive Division at Littelfuse, contacted PEC to initiate settlement discussions (A376-377). From the time the First Complaint was filed on March 29, 2012 until early November 2012, Mr. Roeder and PEC representative Takahisa Ogawa corresponded numerous times by e-mail regarding a potential settlement (A377). In addition, Mr. Roeder met with Mr. Ogawa and other PEC representatives on two separate occasions – once on May 15, 2012 in Shanghai, China, and a second time on July 25, 2012 in Frankfurt, Germany (A377). Because settlement discussions were advancing, the parties mutually agreed that Littelfuse would not serve PEC with the First Complaint, particularly because PEC wanted to avoid the expense of answering the First Complaint during settlement discussions (A377).

Based upon the parties' discussions and agreement, Littelfuse did not serve PEC with the First Complaint within 120 days of the filing of the First Complaint (*i.e.*, by July 27, 2012). Instead, because settlement discussions were advancing successfully at that point in time, and because the parties had a second meeting planned, Littelfuse requested a 120-day extension of the time to serve the First Complaint on July 24, 2012 (A377). In its initial Motion to Dismiss, PEC implied

to the District Court that Littelfuse acted surreptitiously in seeking a 120-day extension of the time to serve the First Complaint, but PEC concealed the fact that the request for an extension of the time to serve came in the midst of ongoing settlement discussions, after the parties' second in-person meeting was planned, and one day before that second meeting took place in Frankfurt, Germany (A115). At no time did Littelfuse attempt to manipulate the federal rules or disobey any court order. Rather, Littelfuse was seeking to amicably resolve the patent infringement issues with Defendants, avoid prolonged litigation between the parties, and conserve the Court's resources.

The District Court granted Littelfuse a 60-day extension of time to serve the First Complaint, which would have made service due by September 25, 2012. Around this time, however, the parties' discussions were still ongoing – indeed, as late as September 10, 2012, the parties were in the process of exchanging samples of PEC's accused products in order to assess the disputed patent claims (A377). Although the parties' settlement discussions were somewhat successful and had advanced to the point where specific terms were exchanged, progress eventually stalled (A377-378).

Before PEC filed an answer or a motion for summary judgment in response to the First Complaint, Littelfuse filed a Notice of Voluntary Dismissal Pursuant to FED. R. CIV. P. 41(a)(1)(A)(i) on November 7, 2012, which dismissed the case

without prejudice. Littelfuse filed the pending action upon dismissal of the First Complaint.

## SUMMARY OF THE ARGUMENT

**I.    The District Court's Sua Sponte Dismissal Of Littelfuse's Direct Infringement Claims Was Improper And Should Be Reversed**

The District Court sua sponte dismissed Littelfuse's Complaint with prejudice for grounds not briefed by either party. The District Court's sua sponte dismissal of Littelfuse's direct infringement claims should be reversed because the District Court failed to notify the parties of its intent to dismiss the Complaint, failed to give Littelfuse an opportunity to address the grounds for dismissal, and denied Littelfuse's motion for leave to amend the Complaint.

**II.   Littelfuse's Complaint Complies With The Pleading Requirements For Direct Infringement Set Forth By Form 18**

Even if the District Court's sua sponte dismissal with prejudice of the Complaint is procedurally upheld, the decision should still be reversed because the Complaint meets the pleading requirements for direct infringement set forth by Form 18. First, the Complaint itself constitutes notice to PEC. Second, the Complaint includes an explicit statement of notice that, while referencing settlement discussions between Littelfuse and PEC, should not be excluded because it is not being used to prove an element of direct infringement.

III. **Littelfuse's Claim Of Direct Infringement In The Complaint Complies With The Supreme Court's Plausibility Pleading Standard**

Even if the District Court's sua sponte dismissal with prejudice of the Complaint is procedurally upheld and the Complaint is found to be deficient under Form 18, the decision should still be reversed because the Complaint meets the pleading requirements under the plausibility standard set forth by the Supreme Court.

IV. **Littelfuse's Claims Of Indirect Infringement Were Improperly Dismissed**

The District Court's dismissal of Littelfuse's claims for indirect infringement based solely upon an analysis of direct infringement under Form 18 should be reversed. The dismissal was improper since Form 18 only measures the sufficiency of direct, not indirect, infringement allegations, and the District Court failed to perform an analysis of Littelfuse's indirect infringement claims under the Supreme Court's plausibility standard, which Littelfuse met.

V. **The District Court Improperly Denied Littelfuse's Request For Leave To Amend The Complaint As Futile, When Notice Of Infringement Occurred Prior To Filing The Complaint**

The District Court denied Littelfuse motion for leave to amend based on the unsupported contention that it would be "futile." However, the District Court only mentions the use of the First Complaint as meeting the notice requirement, and ignores the possibility of the Complaint or statements within the Complaint serving

7

as notice of infringement. Furthermore, the Court ignores the fact that notice of
infringement was, in fact, given. Thus, to the extent that the Complaint is wanting
in view of Form 18 or the Supreme Court's plausibility standard, the District
Court's denial of Littelfuse's request for leave to amend the Complaint should be
reversed.

**A**RGUMENT

## I.    Introduction

Appellant, Littelfuse hereby appeals the portion of the District Court's
Opinion and Order that dismissed, with prejudice, Littelfuse's direct and indirect
patent infringement claims pursuant to Rule 12(b)(6) based upon its determination
that Littelfuse had failed to state a claim upon which relief may be granted.

The District Court's sua sponte dismissal with prejudice of Littelfuse's
direct infringement claims has rendered the four patents-in-suit unenforceable
against PEC, one of Littelfuse's direct competitors, thereby allowing PEC to profit
from making, selling, and using products that infringe Littelfuse's patents. The
District Court's dismissal is extraordinary because no notice was given to
Littelfuse regarding the grounds for dismissal and Littelfuse had no opportunity to
present legal argument with respect to such dismissal. In addition, the District
Court refused to grant Littelfuse's first and only request for leave to amend its
Complaint when a minor amendment would put the Complaint indisputably in

compliance with the requirements of Form 18, which was relied upon by the District Court. As such, the prejudice to Littelfuse is severe.

Nonetheless, as set forth below, Littelfuse's claim of direct infringement does, in fact, comply with the requirements of both Form 18 and the Supreme Court's plausibility standard. Further, to the extent that the averments in the Complaint are wanting, leave to amend should have been granted by the District Court so that an additional averment regarding notice could have been added.

Littelfuse respectfully requests this Court to vacate Section II.B of the Order. If the Court declines to vacate Section II.B of the Order notwithstanding the reasons presented herein that compel such a result, Appellant requests, in the alternative, for reversal of the District Court's Order denying Appellant leave to file an amended complaint.

## II.    Standard of Review

Because it raises a purely procedural issue, an appeal from an order granting a motion to dismiss for failure to state a claim upon which relief can be granted is reviewed under the applicable law of the regional circuit. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007) (citing *C&F Packing Co. v. IBP, Inc.*, 224 F.3d 1296, 1306 (Fed. Cir. 2000)). In the United States Court of Appeals for the Sixth Circuit, a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo. *Watson Carpet & Floor*

*Covering, Inc. v. Mohawk Indus., Inc.*, 648 F.3d 452, 456 (6th Cir. 2011) (citing *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 902 (6th Cir. 2009)).

When a complaint is challenged for failure to state a claim, a court must construe the complaint "in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Moreover, the Sixth Circuit noted when "determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

The denial of a motion to amend a complaint is a procedural question not unique to patent law and thus is reviewed under the law of the regional circuit. *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1365 (Fed. Cir. 2008); *Kalman v. Berlyn Corp.*, 914 F.2d 1473, 1480 (Fed. Cir. 1990). In the Sixth Circuit, the denial of a motion for leave to amend is reviewed for abuse of discretion, except to the extent that the decision is based on a legal conclusion that the amendment would not withstand a motion to dismiss. *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001); *see also Parry v. Mohawk Motors of Mich., Inc.*, 236

F.3d 299, 306 (6th Cir. 2000), *cert. denied*, 533 U.S. 951 (2001); *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986).

## III. The District Court's Sua Sponte Dismissal Of Littelfuse's Direct Infringement Claims Was Improper And Should Be Reversed

PEC did not move for dismissal of Littelfuse's direct infringement claims for failure to state a claim.[1]  Thus, the question of the sufficiency of Littelfuse's direct infringement claims under Rule 12(b)(6) was not questioned by PEC  and was not an issue before the District Court; yet the District Court sua sponte dismissed the Complaint with prejudice for grounds not briefed by either party.  Littelfuse had no opportunity to address the grounds for dismissal presented by the District Court until its Complaint was already dismissed.  Only after its Complaint was dismissed did Littelfuse file a Motion for Reconsideration and Leave to Amend.

In denying Littelfuse's Motion for Reconsideration, the District Court stated that:

> Regardless of whether a complaint alleges direct infringement or indirect infringement claims, it must contain an averment that plaintiff notified defendants of their infringement.  In this case, once defendants moved to dismiss the complaint on the grounds that it did not contain such an averment, the Court was compelled to decide that issue as it applied to the direct and indirect infringement claims alleged in the complaint.

---

[1] PEC moved for dismissal of Littelfuse's direct infringement claims based solely upon an alleged failure to prosecute – an assertion which the District Court fully addressed and properly rejected in its Order (A11-12).

(A2). However, as stated above, PEC did not move to dismiss the complaint because it did not include an averment of notice under Form 18, but instead moved to dismiss only the indirect infringement claims under Rule 12(b)(6) (A124-129). It was the District Court that, sua sponte, incorrectly relied on a lack of an averment of notice to grant PEC's Motion, not PEC (A12-15).

The Federal Circuit has acknowledged that a party should be given notice and an opportunity to respond prior to a sua sponte dismissal:

> Since the district court would have clearly abused its discretion by sua sponte dismissing Google's counterclaims, *see Catz v. Chalker*, 142 F.3d 279, 286 (6th Cir. 1998) (permitting sua sponte dismissals only where the parties have had ample notice of the court's intent to dismiss or have had an opportunity to address the issues raised by the dismissal), we decline to interpret the judgment to do so.

*iLOR, LLC v. Google, Inc.*, 550 F.3d 1067, 1072 (Fed. Cir. 2008). As the Sixth Circuit has observed, "sua sponte dismissals are not in accordance with our traditional adversarial system of justice because they cast the district court in the role of a proponent rather than an independent entity." *Tingler v. Marshall*, 716 F.2d 1109, 1111 (6th Cir. 1983) (superseded on statutory grounds not applicable here).

In *Tingler*, the Sixth Circuit held that:

> a district court faced with a complaint which it believes may be subject to dismissal must: (1) allow service of the complaint upon the defendant; (2) notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of

intended sua sponte dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the claim is dismissed, state its reasons for the dismissal."

*Id.* at 1112. Here, the District Court failed to satisfy at least two of the above requirements specified in *Tingler* – the same two requirements noted by the Federal Circuit in *iLOR*. First, the District Court failed to notify the parties of its intent to dismiss the Complaint. Second, the District Court failed to give Littelfuse an opportunity to address the grounds for dismissal relied upon by the District Court. Moreover, Littelfuse's motion for leave to amend the Complaint after the District Court's Order of dismissal was denied in direct contradiction to the holding in *Tingler*. *Id.*

Accordingly, the District Court's dismissal should be reversed.

## IV.  Littelfuse's Complaint Complies With The Pleading Requirements For Direct Infringement Set Forth By Form 18

Even if the District Court's sua sponte dismissal with prejudice of the Complaint is procedurally upheld, the decision should still be reversed because the Complaint meets the pleading requirements for direct infringement set forth by Form 18. First, the Complaint itself constitutes notice to PEC and, second, the Complaint includes an explicit statement of notice.

Form 18, requires: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a

13

statement that the plaintiff has given the defendant notice of its infringement; and

(5) a demand for an injunction and damages. *In re Bill of Lading Transmission and Sys. Patent Litigation*, 681 F.3d 1323, 1334 (Fed. Cir. 2012).

## A.    The Complaint Itself Is Notice

The District Court argued that the Complaint cannot, itself, serve as notice under Form 18:

> Plaintiff's assertion that the instant complaint can serve as written notice under Form 18 also lacks merit.  The language of Form 18 specifically contemplates that plaintiff afford defendants notice of their infringement *before* filing the complaint.  Paragraph 4 of Form 18 provides that a sufficient pleading must contain a statement that, "[t]he plaintiff. . . *has given* the defendant written notice of the infringement" (emphasis added). The usage of the past tense indicates that notice of infringement must, in fact, precede the complaint in which such a statement appears.    Furthermore, plaintiff's interpretation of Form 18 would render the notice of infringement element completely superfluous as any plaintiff could satisfy this requirement by merely filing suit.

*See* A3.

However, the Federal Circuit has indicated that the filing of a complaint constitutes a statement of written notice as contemplated in Fed. R. Civ. P. Form 18.  In *K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277 (Fed. Cir. 2013), this Court applied Form 18 in accordance with its ruling in *In re Bill of Lading* and found that Part 4 of Form 18 is satisfied by the filing of the complaint in which the claims of direct infringement are presented.  More particularly, this Court held that "we find no question – that K-Tech's First Amended Complaints

14

contain . . . written notice of infringement by way of the complaints (except to the extent that the defendants contend that the complaints insufficiently describe the allegedly infringing activity)." *Id.* at 1285.[2]  In fact, in its briefing, K-Tech relied upon the filing of the original complaint, not statements made within a complaint, as meeting the notice requirement of Form 18.  As cited above, this Court agreed. *Id.*

In *Superior Industries, LLC v. Thor Global Enterprises LTD*, 700 F.3d 1287 (Fed. Cir. 2013), this Court applied Form 18 in accordance with its ruling in *In re Bill of Lading* and found that Part 4 of Form 18 is satisfied by the filing of the complaint in which the claims of direct infringement are presented.  More particularly, this Court found that, "Superior's First Amended Complaint . . . (4) gives Thor notice of its infringement, *see* 35 U.S.C. § 287(a)." *Id.* at 1295.  Here, this Court relied upon 35 U.S.C. § 287(a) (2011), which states, in relevant part:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented. . . In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. **Filing of an action for infringement shall constitute such notice**. (emphasis added).

---

[2] PEC does not contend that the Complaint insufficiently describes the allegedly infringing activity with respect to Littelfuse's direct infringement claims.

In addition, District Courts in the Sixth Circuit have held post-*Bill of Lading* that filing a complaint, alone, is sufficient to meet the notice element of Form 18. *See Cronos Technologies, LLC v. Camping World Inc.*, 2013 WL 3936899 (W.D. Ky. 2013) (Denying motion to dismiss direct infringement claim because complaint met Form 18 standard; notice element was met by way of complaint); *Panini S.P.A. et al. v. Burroughs, Inc.*, 2013 WL 3909684 (S.D. Ohio 2013) (Denying motion to dismiss direct infringement claim because complaint met Form 18 standard; notice element was met by statement in complaint that, "Service of this Complaint serves as actual notice to Burroughs of the '554 Patent and its infringement of the patent"); *Magna Mirrors of America, Inc. v. 3M Company*, 2013 WL 625721 (E.D. Mich. 2013) (Denying motion to dismiss direct infringement claim because complaint met Form 18 standard; complaint silent as to notice to defendant).  Thus, the filing of the Complaint served as written notice to PEC of its infringement, and all elements of Form 18 with respect to direct infringement have been met.[3]

---

[3] If, as the District Court contends, notice of infringement must be provided to an accused infringer *before* the filing of a complaint, every potential plaintiff patent owner would be subject to defending declaratory judgment actions brought by accused infringers in forums of the accused infringer's choosing, not the potential plaintiff patent owner's.

## B.    The Complaint Included A Statement Of Notice

According to the District Court, the Complaint failed to comply with Form 18 because it merely lacked a statement that Littelfuse gave PEC notice of its infringement:

> In all of the 44 paragraphs of the complaint (including the above-quoted paragraphs 17, 18, and 20) nowhere does plaintiff allege that it notified PEC America of its infringing conduct.

*See* A14.  To the contrary, the Complaint includes the following statement:

> Littelfuse and PEC have had several discussions and ongoing communication in an attempt to resolve this matter.  For example, PEC Japan representatives met with Littelfuse representatives on May 15, 2012 in Shanghai, China and again on July 25, 2012 in Frankfurt Germany to discuss settlement of these patent infringement claims. Discussions between Littelfuse and PEC Japan remain ongoing in an attempt to resolve this matter.

*See* A25.

The District Court incorrectly held that the statement of notice given in the above-cited paragraph, which clearly provides notice of patent infringement in the form of discussions and communications regarding infringement, should be excluded under Federal Rule of Evidence 408 because it refers to settlement communications:

> While plaintiff asserts that notice of PEC America's infringement should be imputed from the parties' settlement negotiations, this argument runs contrary to established precedents barring the mention of compromise materials at the pleadings stage when they are proffered to demonstrate liability.

See A14-15.  However, Littelfuse's statement in the Complaint was not proffered to demonstrate liability, but rather to support its averment of notice of the claim to PEC.

Rule 408 makes "conduct or statements made in compromise negotiations" inadmissible "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount."  Rule 408 is "inapplicable," however, when "compromise evidence is offered for a purpose other than to prove the validity, invalidity, or amount of a disputed claim."  *Trading Technologies Int'l, Inc. v. BCG Partners, Inc.*, 2011 WL 3946581 (N.D. Ill. Sept. 2, 2011).

In *Trading Technologies*, which was relied upon by the District Court in its Order, settlement discussions were excluded with respect to claims of indirect infringement not direct infringement.  *Id.* at *2.  In that case, however, the content of the settlement discussions were excluded because they were being offered to provide the knowledge element of the plaintiff's indirect infringement claim.  *Id.* By contrast, in the instant case, the content of the settlement discussions is not being offered to prove an element of Littelfuse's direct infringement claims. Rather, the content of the settlement discussions is simply being offered to show that the defendant was given notice that Littelfuse believed PEC was infringing its patents to satisfy Form 18.  Here, the District Court has improperly excluded such

a statement with respect to direct infringement where notice is not an element required for such a claim.

In particular, 35 U.S.C. § 271(a) (2011), which provides the statutory basis for direct infringement claims, is silent with respect to any "notice" requirement, as authority cited by the District Court acknowledges. *See W.L. Gore & Assocs. v. Medtronic, Inc.*, 778 F. Supp. 2d 667, 76-77 (E.D. Va. 2011) ("No notice requirement is found in 35 U.S.C. § 271(a).").

Moreover, Federal case law clearly establishes that an infringer need not even have knowledge of the infringed patents in order to be liable for direct infringement, much less have notice that they are infringing those patents. *Freedman v. Friedman*, 242 F.2d 364, 366 (4th Cir. 1957) ("knowledge by an infringer or a contributory infringer of the existence of a patent and that he is infringing it is not necessary to render him liable for infringement"); *Blair v. Westinghouse Electric Corp.*, 291 F. Supp. 664, 670 (D.D.C. 1968) ("[I]t is, of course, elementary, that an infringement may be entirely inadvertent and unintentional and without knowledge of the patent."). Since notice of infringement is not a requirement for a cause of action for direct infringement, the cited portion of the Complaint above should be considered a statement that Littelfuse has notified PEC of its infringement, and thus, the Complaint meets each element of Form 18.

## V.    Littelfuse's Complaint Complies With The Supreme Court's Plausibility Pleading Standard

Even if the Complaint fails to satisfy each element of Form 18, the claim of direct infringement meets the Supreme Court's higher plausibility standard as defined in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   The District Court appears to have argued that Form 18 is the exclusive standard for claims of direct infringement:

> When reviewing the adequacy of a direct infringement claim, "[t]he Federal Circuit holds that a complaint such as this one should be evaluated under the requirements of Form 18 in the Federal Rules of Civil Procedure Appendix (citing *Magna Mirrors*).

*See* A13.   While Form 18 is one way to satisfy the pleading requirements of a claim for direct infringement, it is not a recitation of the "minimum" requirements, nor is it the exclusive way to state a claim for direct infringement.   For example, in *Magna Mirrors*, which was relied upon by the District Court, an analysis was done under both Form 18 and the Supreme Court's plausibility standard.[4] *See Magna Mirrors*, 2013 WL 625721, at *5 ("Although not required according to the Federal Circuit, this Court has evaluated and determined that Magna's complaint is plausible under *Twombly* and *Iqbal*.)

---

[4] If written notice of infringement was required before the filing of all complaints, including claims of direct infringement, such notice would put plaintiffs at risk of declaratory judgment.

Under the plausibility standard, a complaint requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555, 127 (citations omitted). Further*,* a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp*., 550 U.S. at 555.

Littelfuse's Complaint not only offers a plausible cause of action for direct infringement, it includes additional information that goes well beyond satisfying the Supreme Court's plausibility standard. In particular, in its Complaint, Littelfuse avers that it is the assignee of all right, title, and interest to each patent-in-suit (A21). Further, Littelfuse avers that PEC makes, uses, and sells products that infringe the patents-in-suit, and provides identification of the specific products by name and part number, PEC salespeople by name, and PEC customers by name (A21-22, A26-28). Thus, in addition to meeting the pleading standard of direct infringement under Form 18, the Complaint meets the higher plausibility standard set forth by the Supreme Court.

21

## VI. Littelfuse's Claims Of Indirect Infringement Were Improperly Dismissed

The District Court improperly dismissed Littelfuse's claims for indirect infringement based solely upon an analysis of direct infringement under Form 18. This was improper since Form 18 only measures the sufficiency of direct infringement allegations, not indirect. In its Order, the District Court held that "[p]laintiff's indirect infringement claims must fail as well because it is axiomatic that there can be no inducement or contributory infringement without an underlying act of direct infringement" (A15).

However, as set forth in *Bill of Lading*:

> Having determined that all six of the amended complaints adequately plead direct infringement, we next consider R+L's argument that the district court erred by holding in the alternative that the amended complaints fail to state a claim for indirect infringement. Form 18 does not aid R+L in this inquiry. The Forms are controlling only for causes of action for which there are sample pleadings. *Cf. Twombly*, 550 U.S. at 564 n. 10, 127 S. Ct. 1955 (discussing the requirements of model Form 9 for pleading negligence). We agree with several district courts that have addressed this issue that Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement. *E.g., Tech. Licensing Corp. v. Technicolor USA, Inc.*, 03–cv–1329, 2010 WL 4070208, at *2 (E.D. Cal. Oct. 18, 2010) ("No adequate justification exists for holding indirect infringement claims, which contain additional elements not found in direct infringement claims, to the standard of *McZeal* and Form 18. Thus, the general principles of *Twombly* and *Iqbal* must be applied to indirect infringement claims.") (internal footnotes omitted); *Sharafabadi v. Univ. of Idaho*, C09–1043, 2009 WL 4432367, at *2–3, *5 n. 7 (W.D. Wash. Nov. 27, 2009) (same). In other words, because Form 18 addresses only direct infringement, we

must look to Supreme Court precedent for guidance regarding the pleading requirements for claims of indirect infringement.

*Bill of Lading* 681 F.3d at 36-37.

As discussed above, Littelfuse's direct infringement claims are sufficient. Likewise, Littelfuse properly pled its indirect infringement claims under the plausibility standard set forth by *Twombly* and *Iqbal*. In order to properly plead an induced infringement claim, the complaint must contain facts plausibly showing that the alleged infringer specifically intended to infringe the patent at issue and knew that its acts constituted infringement. *Id.* at 1339. As long as the facts set forth in the complaint give fair notice of what the claim is and the facts upon which it rests, and the claim of induced infringement is plausible on those facts, then the complaint should not be dismissed. *Id.* at 1342.

Littelfuse's Complaint provides fair notice of the claim for indirect induced infringement and the claim is plausible on the facts. The Complaint avers that PEC has been selling and distributing the infringing products to customers; soliciting sales of infringing products to customers; knowingly communicating with customers through telephone and online contacts for technical support of the infringing use of the products sold by Defendants; conducting marketing, promotion and advertising activities for infringing products, including offers to sell directed at customers; and providing instruction, support and services to customers who are infringing the patents (A24). The Complaint further states that the

Defendants knowingly make, use, offer to sell, sell or import into the United States one or more materials or especially adapted components of the claimed inventions of the patents for use in practicing the patented inventions (A25). Considering each element of the Complaint in the light most favorable to Littelfuse, and accepting as true all of the factual allegations, Littelfuse has sufficiently set forth a cause of action for induced infringement.

Littelfuse has also adequately pled a claim for contributory infringement. Contributory infringement occurs if a party sells or offers to sell a material or apparatus for use in practicing a patented process, and that material or apparatus is material to practicing the invention, has no substantial non-infringing uses, and is known by the party "to be especially made or especially adapted for use in an infringement of such patent." 35 U.S.C. § 271(c) (2011). To state a claim for contributory infringement, therefore, a plaintiff must plead facts that permit an inference that the components sold or offered for sale have no substantial non-infringing uses. *See Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005); *see also Bill of Lading*, 681 F.3d at 1337. For purposes of contributory infringement, the inquiry focuses on whether the accused products can be used for purposes other than infringement. *Bill of Lading*, 681 F.3d at 1337. According to *Iqbal*, determining whether a complaint states a plausible claim for relief is a very "context-specific task." *Iqbal*, 556 U.S. at 679.

In this context, Littelfuse's Complaint provides fair notice of the claim for contributory infringement and the claim is plausible on the facts. Among other things, the Complaint alleges that PEC is infringing as to products that are "especially adapted for use in infringing products" by selling and distributing the infringing products to customers; soliciting sales of infringing products to customers; knowingly communicating with customers through telephone and online contacts for technical support of the infringing use of the products sold by PEC; conducting marketing, promotion and advertising activities for infringing products, including offers to sell directed at customers; and providing instruction, support and services to customers who are infringing the patents (A24). Moreover, the Complaint further states that the Defendants knowingly make, use, offer to sell, sell or import into the United States one or more materials or "especially adapted components of the claimed inventions of the patents for use in practicing the patented inventions" (A25). The allegations that the products are "especially adapted" for use in infringing products not only tracks the statutory language, which gives Defendants notice of the legal basis for the contributory infringement claim, but also provides sufficient factual basis for the claim in the context presented here – the products at issue are fuses and they have no independent use except in infringing products.

Considering each allegation of the Complaint in the light most favorable to Littelfuse, and accepting as true all of the factual allegations, Littelfuse has sufficiently set forth a cause of action for contributory infringement.

Thus, the District Court's dismissal of Littelfuse's claims of indirect infringement should be reversed.

## VII. The District Court Improperly Denied Littelfuse's Request For Leave To Amend The Complaint As Futile, When Notice Of Infringement Occurred Prior To Filing The Complaint

The District Court's denial of Littelfuse's motion for leave to amend was an abuse of discretion because it was based on the unsupported contention that it would be "futile." However, the District Court only mentions the use of the First Complaint as meeting the notice requirement, and ignores the possibility of the Complaint or statements within the Complaint serving as notice. Furthermore, the Court ignores the fact that notice of infringement was, in fact, given (A4).

Leave to amend a complaint or other pleading "shall be freely granted when justice so requires." FED. R. CIV. P. 15(a). Generally, courts have shown "a strong liberality . . . in allowing amendments under Rule 15(a)." *Tahir Erk v. Glenn L. Martin Co.*, 116 F.2d 865 (4th Cir. 1941). As the Supreme Court has stated:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of

> an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178 (1962). In short, courts should construe liberally Rule 15(a) in favor of permitting amendment. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 522 (6th Cir. 1999); *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987).

Here, it is clear that PEC had actual notice of the infringement claims against it prior to the filing of the Complaint in the instant action – not only via meetings described within the Complaint, but via the First Complaint and the Complaint. Thus, even if it is ruled that statements made within the Complaint are insufficient to meet the requirements of Form 18 or the Supreme Court's plausibility standard, and even if it is ruled that the filing of the Complaint itself does not constitute notice, Littelfuse still should at least be granted its first and only request for leave to amend the complaint to set forth what is already clear and undisputed based upon the record – that notice of infringement was given to PEC.

## CONCLUSION AND STATEMENT OF RELIEF SOUGHT

The District Court's sua sponte dismissal with prejudice of Littelfuse's direct infringement claims was improper because the District Court failed to give notice to the parties of its dismissal, failed to give the parties an opportunity to

address the issues, and refused to grant Littelfuse its one and only request for leave to amend the Complaint.  The improper dismissal of Littelfuse's infringement claims rendered the four patents-in-suit unenforceable against PEC, one of Littelfuse's direct competitors, thereby allowing PEC to profit from making, selling, and using products that infringe Littelfuse's patents.

Even if the District Court's dismissal is procedurally upheld, Littelfuse's claims of direct infringement meet both the pleading standard set forth by Form 18 and the plausibility pleading standard set forth by the Supreme Court.  Likewise, Littelfuse's indirect infringement claims meet the Supreme Court's plausibility pleading standard.  If Littelfuse's claims are insufficient, its one and only request for leave to amend the Complaint should have be granted because the record is clear that notice of infringement was given to PEC prior to filing the Complaint and, thus, such an amendment would not be futile as argued by the District Court.

For at least these reasons, the District Court's dismissal of Littelfuse's infringement claims should be reversed and, in the alternative, Littelfuse should be granted leave to amend its Complaint.

/s/  Daniel N. Daisak
Daniel N. Daisak
Jason D. Harrier
KACVINSKY DAISAK PLLC
3120 Princeton Pike, Suite 303
Lawrenceville, NJ  08648
(724) 933-9338
*Counsel for Appellant*

# <u>ADDENDUM</u>

## ADDENDUM TABLE OF CONTENTS

**PAGE:**

Opinion and Order of
The Honorable Bernard Friedman
Denying Plaintiffs' Motion for Reconsideration or, in the
Alternative, for Leave to File an Amended Complaint
     filed August 7, 2013 ..............................................................................Add. 1

Opinion and Order of
The Honorable Bernard Friedman
Granting PEC of America Corp.'s Motion to
Partially Dismiss the Complaint
     filed June 21, 2013..............................................................................Add. 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LITTLEFUSE, INC.,

        Plaintiff,
                                      Case No. 12-cv-14957
                                        HON. BERNARD A. FRIEDMAN

vs.


PACIFIC ENGINEERING CORP., et al.,

        Defendants.

_____/


## OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE AN AMENDED COMPLAINT

Before the Court are plaintiff's motions for reconsideration [docket entries 23 and 26] of

the Court's orders dated June 21, 2013 and July 2, 2013 [docket entries 21 and 24]. The orders

respectively granted the separate motions of PEC of America Corp. and Pacific Engineering

Corp. to dismiss the complaint [docket entries 11 and 19]. Local Rule 7.1(h)(3) governs the

standard for determining motions for reconsideration. It provides:

> **Grounds.** Generally, and without restricting the court's discretion, the court will
> not grant motions for rehearing or reconsideration that merely present the same
> issues ruled upon by the court, either expressly or by reasonable implication. The
> movant must not only demonstrate a palpable defect by which the court and the
> parties and other persons entitled to be heard on the motion have been misled but
> also show that correcting the defect will result in a different disposition of the
> case.

Plaintiff argues that the aforementioned orders suffer from several palpable defects,

namely: 1) the Court improperly dismissed plaintiff's direct patent infringement claim, on the

ground that it failed to allege whether plaintiff notified defendants of their infringing conduct,

**Add. 1**

because defendants never moved to dismiss this claim; 2) the Court mistakenly held that notice of infringement is an element of a direct infringement claim; 3) the Court overlooked caselaw from the Federal Circuit holding that the complaint itself provides requisite notice of infringement; 4) the Court should have found that plaintiff's complaint from a prior action against defendants constituted sufficient notice of infringement and 5) the Court's disposition of the indirect patent infringement claims are entirely premised on its misguided analysis of the direct infringement action. Alternatively, plaintiff requests leave to amend its complaint to allege that defendants received notice of infringement by way of the prior complaint.

   As a preliminary matter, the orders properly addressed whether plaintiff sufficiently alleged a direct infringement claim. Regardless of whether a complaint alleges direct infringement or indirect infringement claims, it must contain an averment that plaintiff notified defendants of their infringement. In this case, once defendants moved to dismiss the complaint on the ground that it did not contain such an averment, the Court was compelled to decide that issue as it applied to the direct and indirect infringement claims alleged in the complaint. This is because the doctrine of law-of-the-case requires that "findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." Rouse v. DaimlerChrysler Corp., 300 F.3d 711, 715 (6th Cir. 2002). Otherwise, the parties would be faced with inconsistent rulings concerning whether the complaint adequately pled notice of infringement.

   With respect to the merits of the direct infringement claim, notice of infringement is an element of the cause of action. Contrary to plaintiff's contention, the Federal Circuit has made clear that, "[d]istrict courts must evaluate complaints alleging direct infringement by reference to

**Add. 2**

Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure." K-Tech
Telecomms., Inc. v. Time Warner Cable, Inc., 714 F.3d 1277, 1279 (Fed. Cir. 2013). And Form
18 requires that a complaint contain "a statement that the plaintiff has given the defendant notice
of its infringement." In re Bill of Lading Transmission and System Patent Litigation, 681 F.3d
1323, 1334 (2012) *quoting* McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357 (Fed. Cir. 2007).

Plaintiff's assertion that the instant complaint can serve as written notice under Form 18
also lacks merit.  The language of Form 18 specifically contemplates that plaintiff afford
defendants notice of their infringement *before* filing the complaint.  Paragraph 4 of Form 18
provides that a sufficient pleading must contain a statement that, "[t]he plaintiff. . . *has given* the
defendant written notice of the infringement" (emphasis added).  The usage of the past tense
indicates that notice of infringement must, in fact,  precede the complaint in which such a
statement appears.  Furthermore, plaintiff's interpretation of Form 18 would render the notice of
infringement element completely superfluous as any plaintiff could satisfy this requirement by
merely filing suit.

To the extent plaintiff cites K-Tech for the proposition that the complaint can serve as
notice of infringement, its reliance is misplaced.  In plaintiff's brief, counsel splices a quotation
from footnote 3 of the K-Tech opinion to support plaintiff's theory.  The quotation reads, "we
find no question - that K-Tech's First Amended Complaints contain. . . written notice of
infringement by way of the complaints (except to the extent that the defendants contend that the
complaints insufficiently describe the allegedly infringing activity)." Pltf Br. at 8.  Quoting from
the opinion in its entirety, the Federal Circuit actually said:

> "*Neither party contests*—and we find no question—that K-Tech's First Amended
> Complaints contain an allegation of jurisdiction, an assertion of ownership, a

demand for an injunction and damages, and written notice of infringement by way
of the complaints (except to the extent that the defendants contend that the
complaints insufficiently describe the allegedly infringing activity)."

K-Tech, 714 F.3d at 1285 n.3 (emphasis added). Although the opinion's language is cryptic, it is

clear that neither of the parties disputed whether the amended complaints could serve as written

notice of infringement and, moreover, the Federal Circuit did not pass on the issue. Rather, a

more accurate reading of the opinion indicates that the Federal Circuit examined the pleadings

and found that the plaintiff had, in fact, alleged that the amended complaints constituted written

notice of infringement, without ever considering whether that averment was satisfactory. This a

far cry from the sweeping statement of law that plaintiff's counsel would have the Court believe.

Finally, the prior complaint (which plaintiff voluntarily dismissed) cannot serve as notice

of infringement in the current action as this would permit plaintiff to rehabilitate its initial

deficient pleading by simply dismissing the suit and recommencing another action under the

same set of facts. Nor will the Court grant plaintiff leave to amend its complaint on this ground

because such an amendment would be futile. See Rose v. Hartford Underwriters Ins. Co., 203

F.3d 417, 420 (6th Cir. 2000); Hoagland v. University of Michigan, No. 12-13756, 2012 U.S.

Dist. LEXIS 178573, at *7 (E.D. Mich. Dec. 18, 2012) (stating that "[a]n amendment is futile

when the proposed amendment fails to state a claim upon which relief can be granted and thus is

subject to dismissal pursuant to Rule 12(b)(6)").

Accordingly,

IT IS ORDERED that plaintiff's motions for reconsideration or, in the alternative, for leave to file an amended complaint is denied.

Dated: August 7, 2013                    s/ Bernard A. Friedman_____
       Detroit, Michigan                    BERNARD A. FRIEDMAN
                                        SENIOR UNITED STATES DISTRICT JUDGE

**Add. 5**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LITTLEFUSE, INC.,

       Plaintiff,                           Case No. 12-cv-14957
                                              HON. BERNARD A. FRIEDMAN

vs.

PACIFIC ENGINEERING CORP., et al.,

       Defendants.

_____/

## OPINION AND ORDER GRANTING PEC OF AMERICA CORP.'S MOTION TO PARTIALLY DISMISS THE COMPLAINT

### I.    Introduction and Facts

       Littlefuse, Inc. ("plaintiff") commenced this action against PEC of America Corp. ("PEC America") and its affiliated Japanese entity, Pacific Engineering Corp. ("PEC Japan") (collectively "defendants"), alleging that they directly and indirectly infringed four of plaintiff's patents for blade fuses and blade fuse elements. Before the Court is PEC America's motion to dismiss so much of the complaint seeking damages against it [docket entry 11]. Plaintiff filed a response [docket entry 16] and PEC America filed a reply [docket entry 18]. The Court will rule on PEC America's motion without oral argument pursuant to E.D. Mich. LR 7.1(f)(2).

       Plaintiff initially brought suit against defendants on March 29, 2012 (the "prior action"). Pltf. Br. at Exh. 1. The substantive allegations in the original complaint are identical to those plaintiff asserts in the instant action. Id. Plaintiff specifically maintains that defendants directly and indirectly infringed four of its patents. See 35 U.S.C. § 271(a)-(c). Two of the patents are

-1-

**Add. 6**

entitled "Blade Fuse" and another is called "Blade Fuse Element." The fourth patent is designated as "Blade Fuse and Fuse Element Therefore." Id. at Exh. 3(A)-(D).[1] Plaintiff ultimately failed to serve defendants with process within 120 days of filing the complaint pursuant to Fed. R. Civ. P. 4(m). With three days remaining before the expiration of the service period, plaintiff filed an *ex parte* motion to extend the time for service of process for an additional 120 days [Case No. 12-11430 docket entry 5]. By order dated July 27, 2012, the Court granted the motion in part and extended the summonses for an additional 60 days [Case No. 12-11430 docket entry 6]. The extension afforded the parties additional time to conduct their settlement negotiations, but discussions eventually grounded to a halt by mid-September. Def. Br. at Exh.1. And when plaintiff attempted to serve the defendants with process on September 27, 2012, the summonses had already expired.

Three weeks later, defendants moved to dismiss the complaint on the ground that plaintiff failed to effectuate service of process [Case No. 12-11430 docket entries 9 and 10]. With respect to PEC Japan, defendants argued that the complaint should be dismissed for lack of personal jurisdiction and improper venue. Defendants also urged the Court to transfer so much of the action as against PEC America to the United States District Court for the Southern District of California. In response, plaintiff never addressed the motions and instead filed a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(I) [Case No. 12-11430 docket entry 13]. Coincident with its dismissal notice, plaintiff filed the complaint in this action on

---

[1] Automotive blade fuses, such as the ones at issue, protect the circuits in a car "from short circuits and current overloads." Pltf. Br. at Exh. 3(A). This happens when the fuse element melts and creates a break in the circuit after a "short circuit or current overload of a certain magnitude and over a predetermined length of time." Id.

-2-

November 7, 2012 and served PEC America with process on February 27, 2013 [docket entry 5].

The factual portion of the complaint contains the following allegations:

> "17.  Defendants have been, currently are, and continue to directly and/or indirectly infringe one or more claims of the Littlefuse patents by making, using, selling, offering to sell and/or importing into the United States one or more products that infringe the Littlefuse patents or that are specifically adapted for use in infringing products.  Such activities include (1) sales and distribution of infringing products to customers in this District for use in this District; (2) direct solicitation of sales and actual sales of infringing products to customers including customers located in the District; (3) knowingly communicating with customers including customers located in the District through telephone and online contacts for technical support of the infringing use of products sold by defendants; (4) conducting marketing, promotion and advertising activities for infringing products within the District and elsewhere in the United States such activities including offers to sell directed at customers in the District; and (5) providing instruction, support and services to customers who are infringing the Littlefuse patents including customers in the District.
>
> 18.  Defendants indirectly infringed one or more claims of the Littlefuse patents by knowingly making, using, offering to sell, selling or importing into the United States one or more materials or especially adapted components of the claimed inventions of the Littlefuse patents for use in practicing the patented inventions.
>
> . . .
>
> 20.  Littlefuse and PEC have had several discussions and ongoing communications in an attempt to resolve this matter.  For example, PEC Japan representatives met with Littlefuse representatives on May 15, 2012 in Shanghai, China and again on July 25, 2012 in Frankfurt Germany to discuss settlement of these patent infringement claims. Discussions between Littlefuse and PEC Japan remain ongoing in an attempt to resolve this matter."

Compl. at 5-6.

In its motion, PEC America argues that the complaint should be dismissed pursuant to

Fed. R. Civ. P. 41(b) because plaintiff failed to prosecute the prior action and adhere to the

deadline set forth in the Court's July 27, 2012 order extending the summonses for an additional

60 days.  PEC America contends that the Court should, in any event, dismiss the complaint

-3-

**Add. 8**

because it does not adequately plead direct and indirect patent infringement. Should any of the causes of action survive dismissal, PEC America maintains that the Court should transfer these remaining claims to the United States District Court for the Southern District of California in the interest of justice and the convenience of the parties and witnesses.

Plaintiff counters that there exists no legal basis to dismiss the complaint under Fed. R. Civ. P. 41(b) and that the complaint contains sufficient factual material to support plaintiff's claims of direct and indirect patent infringement. Plaintiff maintains that the United States District Court for the Eastern District of Michigan is the appropriate venue to adjudicate this matter.

## II. Analysis

### A. Failure to Prosecute

As a preliminary matter, the Court will not dismiss the complaint on the ground that plaintiff failed to prosecute this action pursuant to Fed. R. Civ. P. 41(b). Rule 41(b) provides in relevant part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The Sixth Circuit Court of Appeals evaluates "four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered."

Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005) *citing* Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999).

In this case, all four factors militate against a Rule 41(b) dismissal. The record is devoid of any indication that plaintiff delayed service of process on account of "willfulness" or "bad faith" as plaintiff served PEC America with the summons and complaint within the 120 days after commencing the instant action. Nor does PEC America's argument, that this "long-pending" litigation is damaging customer goodwill, implicate a level of prejudice beyond that which occurs during the course of any typical litigation. Furthermore, the Court has not had the opportunity to either warn plaintiff about the potential risk of dismissal, or impose less drastic sanctions, because plaintiff's conduct has not run afoul of any rule or court order. Insofar as PEC America urges the Court to dismiss *this action* because plaintiff voluntarily dismissed the *prior action* after it failed to timely effectuate service of process, this contention is without merit. Plaintiff cannot be faulted for properly exercising its "unfettered right voluntarily and unilaterally to dismiss [the prior] action" pursuant to Rule 41(a)(1)(A)(I) and simultaneously filing another complaint requesting identical relief. ISC Holding AG v. Nobel Biocare Fin. AG, 688 F.3d 98, 111 (2d Cir. 2012) *quoting* Thorp v. Scarne, 599 F.2d 1169, 1175 (2d Cir. 1979); see Fed. R. Civ. P. 41(a)(1)(B) (stating that "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice."). Consequently, the Court declines to dismiss the complaint on the basis of Rule 41(b).

### B.      Failure to State a Claim

With respect to the branch of PEC America's motion seeking to dismiss the complaint pursuant to Rule 12(b)(6), the Court finds that plaintiff's causes of action for direct and indirect patent infringement fail to state a claim upon which relief may be granted. The legal standard for a Rule 12(b)(6) motion to dismiss requires the Court to "construe the complaint in the light

most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." <u>S.E.C. v. Delphi Corp.</u>, No. 06-14891, 2008 U.S. Dist. LEXIS 78671, at *5-6 (E.D. Mich. Oct. 8, 2008) *citing* <u>Bovee v. Coopers & Lybrand C.P.A.</u>, 272 F.3d 356, 360 (6th Cir. 2001). A sufficient pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007); <u>see Ashcroft v. Iqbal</u>, 556 U.S. 662, 678-679 (2009). Rather, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" <u>Ctr. for Bio-Ethical Reform, Inc. v. Napolitano</u>, 648 F.3d 365, 369 (6th Cir. 2011) *quoting* <u>Iqbal</u>, 556 U.S. at 678.

When reviewing the adequacy of a direct patent infringement claim, "[t]he Federal Circuit holds that a complaint such as this one should be evaluated under the requirements of Form 18 in the Federal Rules of Civil Procedure Appendix." <u>Magna Mirrors of Am., Inc. v. 3M Co.</u>, No. 07-10688, 2013 U.S. Dist. LEXIS 22785, at *6 (E.D. Mich. Feb. 20, 2013) *citing* <u>In re Bill of Lading Transmission and System Patent Litigation</u>, 681 F.3d 1323, 1334 (2012). "Form 18 requires:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages."

<u>In re Bill of Lading</u>, 681 F.3d at 1334 *quoting* <u>McZeal v. Sprint Nextel Corp.</u>, 501 F.3d 1354, 1357 (Fed. Cir. 2007).

After examining the complaint's allegations from first page to last, one element of Form

-6-

**Add. 11**

18 is conspicuously absent; notice to the infringing party.  In all of the 44  paragraphs of the

complaint (including the above-quoted paragraphs 17, 18 and 20) nowhere does plaintiff allege

that it notified PEC America of its infringing conduct.  See id. (holding that whether a complaint

"adequately plead[s] direct infringement is to be measured by the specificity required by Form

18."); Hand Held Prods., Inc. v. Amazon.com, Inc., No. 12-00768, 2013 U.S. Dist. LEXIS

16328, at *15 (D. Del. Feb. 6, 2013) (evaluating whether complaint adequately pleaded notice of

infringement) (decided after *In re Bill of Lading*); Best Med. Int'l, Inc. v. Accuray, Inc., No. 10-

1043, 2010 U.S. Dist. LEXIS 128367, at *13 (W.D. Pa. Dec. 2, 2010) (dismissing direct

infringement claim on the ground that "[t]he complaint contains no averment that Plaintiff gave

Defendants notice of the alleged infringement."); but see e-LYNXX Corp. v. InnerWorkings,

Inc., No. 10-02535, 2011 U.S. Dist. LEXIS 91273, at *14-16 (M.D. Pa. Jul. 26, 2011) (stating in

dicta that "Form 18 is not authoritative on the notice requirement.") (decided before *In re Bill of

Lading*); W.L. Gore & Assocs. v. Medtronic, Inc., 778 F. Supp. 2d 667, 676 (E.D. Va. 2011)

(holding that notwithstanding Form 18's "notice" requirement, a plaintiff need not aver that it

notified defendant of the infringing conduct because such a requirement is absent from the

statutory language of the Patent Act) (decided before *In re Bill of Lading*).  While plaintiff

asserts that notice of PEC America's infringement should be imputed from the parties'

settlement negotiations, this argument runs contrary to established precedents barring the

mention of compromise materials at the pleadings stage when they are proffered to demonstrate

liability. See Fed. R. Evid. 408; cf. Trading Techs. Int'l, Inc. v. BCG Partners, Inc., No. 10-0715,

2011 U.S. Dist. LEXIS 99415, at *6-11 (N.D. Ill. Sep. 2, 2011) (ruling that plaintiff could not

allege that defendants possessed prior knowledge of the patents by using settlement negotiation

**Add. 12**

references to support a claim of indirect infringement); <u>Geary v. Motel Props., Inc.</u>, No. 06-0225, 2006 U.S. Dist. LEXIS 31915, at *3 (S.D. Ind. May 16, 2006) ("allowing the use of compromise materials in pleadings runs against the intent of Fed. R. Evid. 408 to encourage settlement negotiations at all points of a dispute."). The complaint, thus, fails to state a cause of action for direct infringement.

Based on the foregoing, plaintiff's indirect infringement claims must fail as well because "[i]t is axiomatic that '[t]here can be no inducement or contributory infringement without an underlying act of direct infringement.'" <u>In re Bill of Lading</u>, 681 F.3d at 1333 *quoting* <u>Linear Tech. Corp. v. Impala Linear Corp.</u>, 379 F.3d 1311, 1326 (Fed. Cir. 2004).

In view of the dismissal of all the claims against PEC America, the Court need not address whether the matter should be transferred to the United States District Court for the Southern District of California.

Accordingly,


IT IS ORDERED that PEC America's motion to partially dismiss the complaint is granted.


                                        S/ Bernard A. Friedman

Dated: June 21, 2013              _____
       Detroit, Michigan          BERNARD A. FRIEDMAN
                                  SENIOR UNITED STATES DISTRICT JUDGE

**Add. 13**

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on November 5, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Thomas H. Jenkins
Tyler M. Akagi
Naoki Yoshida
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, DC  20001
(202) 408-4000

*Counsel for Appellees*

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA  20190
(571) 203-2700

*Counsel for Appellees*

I further certify that, upon acceptance and request from the Court, the required paper copies of the foregoing will be deposited with United Parcel Service for delivery to the Clerk, UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT, 717 Madison Place, N.W., Washington, D.C. 20439.

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Shelly N. Gannon
Shelly N. Gannon
GIBSON MOORE APPELLATE SERVICES
421 East Franklin Street, Suite 230
Richmond, VA  23219

### CERTIFICATE OF COMPLIANCE
### WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

        this brief contains <u>6,733</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

        this brief has been prepared in a proportionally spaced typeface using <u>Microsoft Word</u> in <u>14 Times New Roman</u>.

November 5, 2013          <u>/s/  Daniel N. Daisak          </u>
                                        Daniel N. Daisak
                                        Jason D. Harrier
                                        KACVINSKY DAISAK PLLC
                                        3120 Princeton Pike, Suite 303
                                        Lawrenceville, NJ  08648
                                        (724) 933-9338

                                        *Counsel for Appellant*